UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>GLENDY GOMEZ,<br><br>  Defendant. | Case No.: CR 09-00775-SBA-2 (KAW)<br><br>REPORT AND RECOMMENDATION REGARDING GUILTY PLEA |

Magistrate Judge Kandis A. Westmore recommends that the district judge accept Defendant Glendy Gomez's guilty plea entered in open court on November 12, 2013. Specifically, Defendant pleaded guilty pursuant to a written plea agreement to the sole count of the Superseding Information, charging Defendant with using a communications facility to commit/facilitate narcotics trafficking, in violation of 21 U.S.C. § 843(b). The Court makes the following findings:

1. On the hearing date set forth above, with the assistance of counsel, the defendant waived her right to enter her guilty plea before a district judge and instead consented to enter her plea in a hearing before a magistrate judge. Specifically, Defendant was advised that she had a right to plead guilty before a district judge, and that she could waive that right and consent to enter her plea in a plea hearing before a magistrate judge. The magistrate judge also advised her that she would issue a written report recommending that the district judge accept the guilty plea, that the district judge would review that recommendation and determine whether to accept the guilty plea, and that the district judge and not the magistrate judge would sentence her. Defendant was also advised of the procedures (also set forth at the end of this recommendation) for challenging the magistrate judge's recommendation. The defendant then waived her right to

proceed before a district court judge in open court and in writing and consented to enter a change of plea before a magistrate judge.

2.  A full plea hearing in the manner set forth in Federal Rule of Criminal Procedure 11 was held.  In particular, the magistrate judge reviewed, and the defendant acknowledged that she understood, the following: (a) the nature of each charge and the maximum penalties, as set forth in Fed. R. Crim. P. 11(b)(1) (G)-(L); (b) the effect of the advisory Sentencing Guidelines and 18 U.S.C. § 3553(a), *see* Fed. R. Crim. P. 11(b)(1)(M); and (c) the rights she was waiving by pleading guilty, *see* Fed. R. Crim. P. 11(b)(1) (A)-(F).  The Court reviewed the specific provisions of the plea agreement regarding waiving the right to appeal or collaterally attack the sentence.  *See* Fed. R. Crim. P. 11(b)(1)(N).  The Court also determined that there was a factual basis for the guilty plea.   *See* Fed. R. Crim. P. 11(b)(3).

3.  The plea agreement itself was disclosed in open court, *see* Fed. R. Crim. P. 11(c)(2), and the defendant was advised as follows:

> A.  The plea agreement was made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  This means that if you plead guilty, the government will agree that a specific sentence or sentencing range is appropriate.  The district judge may accept the plea agreement, reject it, or defer a decision until the district judge has reviewed the presentence report.  The government also agrees to move to dismiss any open charges pending against you at the time of sentencing.  To the extent that the district judge accepts the agreement, the agreed disposition will be reflected in the judgment.  If the district judge rejects the agreement, the court will give you an opportunity to withdraw your guilty plea.  If you do not withdraw your plea, then the district judge may impose a more severe sentence without being bound by the plea agreement.

*See also* Fed. R. Crim. P. 11 (c)(3)-(5).

4.  The magistrate judge also addressed the defendant personally in open court, and determined that the plea was voluntary and did not result from force, threats, or promises (other than the promises in the plea agreement).  *See* Fed. R. Crim. P. 11(b)(2).

5.  After the advisements set forth in Rule 11, and summarized here, the defendant pleaded guilty.  The Court found that she was fully competent and capable of entering an informed plea, that she was aware of the nature of the charges and the consequences of the guilty

1  plea, and that the guilty plea was knowing and voluntary and supported by an independent factual

2  basis.  This court thus recommends that the district judge accept the defendant's guilty plea.

3        6.  Any party may serve and file specific written objections within fourteen days after

4  being served with a copy of the order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59.  Failure to

5  file objections within the specified time may waive a party's right to review.  *See* Fed. R. Crim. P.

6  59(b).

7        7.  This matter is set for sentencing before the district court on February 18, 2014 at 10:00

8  a.m.

9        IT IS SO RECOMMENDED.

10 Dated: November 20, 2013



KANDIS A. WESTMORE
United States Magistrate Judge

3